IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DIRECTV, INC.,

    Plaintiff,

vs.                                                                                     Civ. No. 03-1060 JP/LFG

KEN BATES, JIMMY CROOK,
JAMIE DRYDEN, MICHAEL JOHNSTON,
JOHN KABLER, JEFF KIEHNE,
MAX MARTIN, WILLIAM McKIBBIN,
PIYUSH PATEL, MATT SCUPP, and
TUNG TRINH,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On October 21, 2003, Defendant Ken Bates filed Defendant Ken Bates' Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial (Doc. No. 31).  Defendant Bates alleges that the Plaintiff misjoined him as a defendant in this lawsuit. Defendant Bates seeks to have the Plaintiff's claims against him dismissed with prejudice, or in the alternative, to have the Plaintiff's claims against him severed for separate trial.  Having reviewed the briefs and relevant law, the Court finds that Defendant Bates' Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial should be granted and that the proper remedy is to dismiss Plaintiff's claims against Defendants Crook, Dryden, Johnston, Kabler, Kiehne, Martin, McKibbin, Patel, Scupp, and Trinh without prejudice.

A. Background

The Plaintiff has brought over 41 cases in this district against multiple defendants for allegedly intercepting Plaintiff's satellite signal without paying for it.  In this particular lawsuit, the

Plaintiff is suing the Defendants for illegally purchasing pirate access devices from Whiteviper and/or Whiteviper Technologies (Whiteviper). The Plaintiff obtained the names of the Defendants from Whiteviper business records in September 2001. The Plaintiff does not allege that any of the Defendants acted in concert or even knew each other when they obtained the pirate access devices from Whiteviper.

B.  Discussion

It is well-established that under Fed. R. Civ. P. 20(a), joinder of defendants is proper if the right to relief sought by the plaintiff arises "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."[1] Fed. R. Civ. P. 21 provides the remedy for a misjoinder of a defendant. Rule 21 states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

The decision whether to sever claims under Rule 21 is within the court's discretion. *Directv, Inc. v. Hosey*, 289 F.Supp.2d 1259, 1262 (D. Kan. 2003)(citation omitted).[2]

---

[1] "In order to ascertain if a particular factual situation constitutes a transaction or occurrence for purposes of Rule 20, courts consider whether a 'logical relationship' exists amongst and between the claims." *Sheets v. CTS Wireless Components, Inc.*, 213 F.Supp.2d 1279, 1286 (D.N.M. 2002)(quoting *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

[2] Interestingly, "even though claims have been severed under Rule 21, they still may be consolidated for trial under Rule 42(a)." Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* §1689 pg. 514.

District courts dealing with the issue of misjoinder in Directv cases similar to this one have split on how to resolve that issue. No court of appeal has addressed this particular issue of misjoinder. Having considered the cases on both sides of the issue, the Court adopts the reasoning of the cases which have found misjoinder and ordered the dismissal of Directv's claims against all of the defendants, except the first named defendant, without prejudice. *See Directv, Inc. v. Banks, et al.*, Civ. No. 03-610 WJ/LFG (Doc. No. 77)(D.N.M. Jan. 20, 2004); *Directv, Inc. v. Perez, et al.*, Civ. No. 03-55 KBM/LFG (Doc. No. 64)(D.N.M. Jan. 23, 2004); *Directv, Inc. v. Diaz, et al.*, Case No. 03-21147-Civ-Jordan (S.D. Fla. 2003); *Directv, Inc. v. Brooker*, Civil Case No. 03-RB-0859 (MJW) (D. Colo. 2003); *Directv, Inc. v. Davlantis*, 2003 WL 22844401 (N.D. Ill. 2003); and *Directv v. Loussaert*, 218 F.R.D. 639 (S.D. Iowa 2003).

IT IS ORDERED that:

1. Defendant Ken Bates' Motion to Dismiss or Sever Plaintiff's Claims for Separate Trial (Doc. No. 31) is granted in that Plaintiff's claims against Defendants Crook, Dryden, Johnston, Kabler, Kiehne, Martin, McKibbin, Patel, Scupp, and Trinh will be dismissed without prejudice;

2. Plaintiff may reassert its claims against Defendants Crook, Dryden, Johnston, Kabler, Kiehne, Martin, McKibbin, Patel, Scupp, and Trinh by filing separate cases against each of them and by paying the required filing fee in each case;

3. if filed by March 22, 2004, any newly filed complaint will relate back to the date on which the complaint in this case was filed;

4. this case will remain pending as to Defendant Ken Bates; and

5.  the caption of this case is amended to read Directv, Inc. v. Ken Bates, Civ. No. 03-1060 JP/LFG.

_____
SENIOR UNITED STATES DISTRICT JUDGE